Thank you. Then we can proceed with the appellant. May I please the court? The plaintiffs in this case are residents of the Supreme Court. Mr. Counsel, I might mention at the very outset that Justice Cahill is a very looming presence in your case. His dissent was adopted by the Supreme Court in Barber, knocking out my participation in the majority. As usual, his dissents were extremely cogent. Your Honor, I think that's particularly appropriate. And the question now is what's left? Well, what is left is that the Barber Supreme Court case, which did overrule the decision of this court, which we relied on in our opening brief, under Barber, in order to moot a class case, or to moot any case but to moot a class case, the defendant has to tender complete relief to the defendant to the plaintiff, excuse me. In this particular case, that didn't happen. What was tendered was a sum total of $1,275, out of which the defendant said $216 was to go to attorney's fees. Now, as I understand it, you've raised questions about loss of use and questions about administrative fees, as well as questions concerning the sufficiency of the fee tender. Now, are those considerations regarding anything other than the sufficiency of the fee tender of relevance any more in your appeal since the defendant waived the outstanding indebtednesses that it claimed from your client? Now, whether those indebtednesses were properly measured, is that a factor since the waiver seemed to extend to those portion of what you would claim the indebtednesses represent of the, whether that was a, whether the indebtedness claimed would have been less or more? Well, it is an issue, Your Honor, because they didn't waive it until after they were sued. Our clients tried. I understand, but that is part and parcel of the tender, is it not? And are you claiming an insufficiency of the tender or an excess in that tender of the $144, based on your disclaimer of the amount of indebtedness actually claimed? In other words, what issues are left with regard to loss of use and with regard to the administrative fees once the defendant waived whatever they had previously claimed, even if it was an excessive claim? They waived it. Isn't that now part of the tender and part of the holding in Barbara? So the only thing left are the attorney's fees. Well, the attorney's fees are what's left. That's it. Period. End of discussion. So that portion of your brief devoted to the insufficiency of your reply brief. We won't talk about your white brief because that may very well have preceded the Supreme Court decision in Barbara. But that portion in the yellow brief that discusses the excessive nature of the loss of use or the ambiguity in loss of use and the administrative charges are basically of intellectual interest only. Correct. That's what started this case going, but they have tendered that. The only issue left remaining is whether or not the $216 that was allocated for attorney's fees was sufficient. So that's the only thing before us. Correct. The defendant claims that the $216 was sufficient because it looked at the attorney's lien that was attached to the complaint and decided that it could tender one-third of the other relief that it was tendering and it calculated that to be rounded up to $216. They have no support for the claim that the attorney's lien does. There's logic to that were it not for perhaps competing case law. The logic to that is that the amount they tendered would have been the amount for which your client would have been obligated to pay the lawyers. The rest of the claim with regard to attorney's fees are not claims that impact on your client's pocket, but on the pocket of his attorneys who are really third parties to the litigation. But I understand your argument to be that you were free to, if you wished, say to your client, there is insufficient compensation, so therefore we're going to charge you an hourly rate. Is that part of your argument? The agreement with the client is that they would contract to hire the lawyers on an hourly basis with the lawyers looking to recover the fees under the fee-shifting statute. So you're claiming your client would be liable personally for the lodestar? No. But for the hourly compensation if you decided to invoke that option? No. What we're claiming is that the fee agreement with the client said that the case would proceed under a fee-shifting statute and we would seek to recover the hourly fees from the defendant. And the law that was sued under the Colorado Consumer Protection Act has a fee-shifting provision and it's similar to the Illinois Consumer Fraud Act. The fees that are recovered belong to the client and then the client settles up on those fees with the lawyer. The purpose of the lien being filed is to make sure that the lawyers aren't cut out of that process. I'm not clear on what you're saying, but don't take my lack of clarity to be a rejection of what you're saying. Are you saying that the attorneys are not guaranteed to be the full recipients of statutory fee awards for which the client may or may not be the conduit? That the client could actually keep portions of those fees? That has happened when the checks have been cut to the client and then the lawyer has to chase them out. Well, that would be a mistake, wouldn't it, if it happened that way? Or a crime in one or the other. Because I'm not aware of the statute giving the client any right to withhold any portions of the fees. Well, the client has the right to recover the fees under the statute. I think the statute is silent as to what the client does. I think it's by implication it is expected that the client will pay those fees to the lawyer. Otherwise, you'd have a fee-splitting problem, which is, of course, illegal. I'm sorry, go ahead. But the statute itself, it's the client's recovery. And because there wasn't sufficient fees tendered here to satisfy the fees that had already been incurred at the time that the tender took place, that meant that the client's claim was not mooted. I have a different question. I understand your argument to be, in part, that the defendant was not entitled to rely on the attorney's lien to determine the amount of the fees. That being the case, what other indication was there as to the amount of fees claimed? And how, without certainty in that regard, would anybody ever be able to give a complete tender? What they should do is tender reasonable fees in an amount to be determined by the court. Had they done that, we would have either reached an agreement with them as to what the reasonable fees were, or if we could reach an agreement, then the matter would have been put before the court to resolve what the reasonable fees were. So in order to have an effective tender, in your view, they have to submit to the court the authority to determine what reasonable fees are without knowing in advance what you are claiming? Unless they wanted to ask us. I mean, the matter does get submitted to court. They could have asked us in advance, what are you going to claim? And they didn't do that. But if they want to move the case without asking us what the fees are, then what they have to do is offer to pay reasonable fees. Is there a case law authority you want to cite to that procedure being approved? Certainly. In the Gattro case, that's G-A-T-T-R-E-A-U-X-V-D-K-W Enterprises, LLC, which is 2011, you'll have 1-0-3-4-8-2 on the new citation form we have. That was filed by this court on September 22nd. And that case was decided after Barber II. In that particular case, what the defendant did was it tendered reasonable fees to the defendant. It tendered reasonable fees in what manner? In a letter it sent to him, it said, we will pay reasonable fees in an amount to be determined by the court. It further asked the plaintiff to tell them what the reasonable fees were they were claiming so that they could see if they could reach an agreement before taking the matter up before the court. In that particular case, the plaintiff didn't accept the tender. And the plaintiff argued that, well, we didn't get a specific sum given to us, but the court rejected that argument saying that reasonable fees were tendered, that's all you're entitled to, and that's a sufficient tender. So that's what the defendant should have done. What indication is there in that case that the author to tender reasonable fees without an actual tender of the fees would stay the litigation or pick off the case which they're now permitted to do? The case says that it's sufficient to do so. Now, what happens if there's an unhappiness with the court's decision and an appeal taken? Would that still constitute a tender or be a sufficient way, provide a sufficient road towards terminating the class action, the future class action litigation before it gets off the ground, which Barber now permits them to do? It would terminate the class action. If the lawyers were unhappy with the fees that they were awarded, the lawyers could, of course, appeal the fee award, but the underlying case would be over. And that would constitute a tender even though it's still subject to further litigation above and beyond any quick indication from the trial court. Correct. I mean, there's nothing in what was cited either in the defendant's briefs or in the circuit court below that contemplates the provision that was used here to basically say that the lien itself caps the fees, and there's nothing in the law on fee shifting that allows the fee agreement between the client and the lawyers to cap that. And we cite those cases. There are no cases dealing with this issue in the lien area, and we think the reason for that is because it's just not appropriate here. So what we submit is that what should have happened here was that reasonable fees should have been tendered if they wanted to move the case. Then either there would have been an agreement on the fees or the court would have determined the fees. Thank you, Mr. Chaffetz. Thank you. Okay. Mr. Siegel? Well, now that we know how we're limited, why don't you address the legal fee tender? Sure. Good afternoon. Good afternoon. First of all, I think we've established that this is the isolated issue we're looking at. The fee dispute is ancillary as the Duncan case holds. We've had an acknowledgement of that. We are limited to that issue. At the very worst, the only thing that could happen here would be to return this to a trial court. Just to make it clear, we're not the ones limiting you to that issue, but I take it from your comments, we're all recognizing that that's the only viable issue left in this field. And I agree. And I agree. So at the very worst, if you disagree with us, and I'm going to explain why I believe you should agree with us that the tender was more than sufficient, at the very worst this would be returned to the trial court for a determination of fees, the underlying claims. Well, I'm not sure that's the case. I think that Mr. Shedden takes the position that when you seek to use this tender, you are saying to them our tender is conditioned upon these facts. And one of them is that your fees are $216 in this case. Now, I'm sure that the interests of your client are such that you would love as a fallback position to have the possibility of having it returned to the trial court and having the fee issue contested and the efficacy of your tender not affected. But there is at least an argument being raised that if you seek to use this process of a tender, you must do it completely. And to do it completely, at least without holding out the possibility of having reasonable fees determined by the court as a condition or as a portion of your tender, that you have not given a full tender. Well, I don't think the concession was a little bit broader than that. But I also think if this Court looked to the Duncan Publishing v. City of Chicago case, we would see that, again, at the worst, a return to the trial court simply for a determination of fees would be the appropriate resolution in that case. No, but that would require an adjudication. I mean, the fact that you would then come to court and admit liability or no contest it in whatever way possible does not necessarily, as I see it, have a retroactive impact on the tender when it was made. And if at the time it was made it was insufficient, then I think the race starts all over again to see if you can get class certification ahead of your revised tender, at least according to the majority in Barber, but according to the dissent, the whole thing of, you know, certification will pending motion, motion pending certification won't do it. But that's what would happen. It would be a race. I don't think that's correct, respectfully, because according to Duncan, the issue of attorney's fees is, quote, ancillary. And in that case, it was a suit under FOIA. And after the suit was filed, only after the suit was filed, did the city start to produce documents. It took them over a year to finish their production. There was no offer, no offer of attorney's fees. And the plaintiff objected to that. And the court ruled that the case was moot in its underlying claim. The claim for records was moot, even though there was no offer. Here we have absolutely a good faith determination of, you know, of a fee and an inclusion of that based on documents that they attached to their pleading. So I would respectfully disagree. I believe that the issue of the underlying claims is over. And I think that just as you pointed out, the issue of the loss of use is, and whether there was an overcharge of that or administrative fees by virtue of the waiver, those are done. The only issue left here is attorney's fees. And on that one, I think, you know, in addition to the fact that the worst that could happen would be a return to the trial court for a determination on this ancillary issue of attorney's fees, I think if we look straight at the issue, we'll see that they got more attorney's fees than they were entitled to. And there's two basic reasons for that. First of all, this was not a successful action of the statute that would give rise to a right to attorney's fees. The statute, section 6.1.113.2 of the Colorado Act, authorizes a fee award as follows. A person who, quote, is found to have engaged in, unquote, a deceptive trade practice, quote, shall be liable in the case of a successful action to enforce said liability for the cost of the action together with attorney's fees. So the statute requires a successful action, and as part of that, that there be a finding of liability. There is no such finding here. This was a case that was mooted at its inception. So just under the statute itself, they don't meet the grounds. What if it's mooted after two years of discovery before trial? Two years of negotiation. Negotiation and extensive discovery. Are you saying that a tender at that point would abort any entitlement to statutory fees? Well, first of all, that would be an unexpected eventuality as opposed to the statutory language allowing an interpretation that if the fee is recoverable upon successful completion, that fee is then discoverable upon successful settlement. Well, first of all, that case isn't obviously before us, and we're interpreting a Colorado Act. But I do think that if there is no finding of liability, if there is no adjudication of, there's no judgment on the merits, there's no entry of a consent decree, there's simply a mootness or a private settlement that the court doesn't supervise. I use the word settlement because it's sometimes used interchangeably in these tender cases, but it's really not a settlement. It's a pickoff, which means, in other words, that the parties would, in that sense, be vulnerable in the absence of a disposition of the motion to certify the class to a termination by tender. And if that termination by tender, and in some of these class action litigations, the class certification does not come early, but comes after protracted discovery. And that eventuality, to simply say that you could wait and have an investment of considerable time, that recovery would be aborted, or else by simply waiting and making the tender hair breath away from certification, does not seem terribly reasonable. And when it's not reasonable, the statute gets looked at very closely. A few points in response. First of all, the rule in Barber applies to instances of tender made before the motion for class certification is even filed, so that the concern about the substantial litigation and investment of time doesn't fall under that principle, and it really doesn't apply to this particular instance where the tender was made right away. Second of all ñ Well, you say right away, but let me ñ I'm sorry to interrupt, but we also have, as part of the record in this case, that there was an additional complaint. This isn't where somebody gets blindsided at a corporation by somebody popping up, and they didn't really, as a corporation, know this person exists, and they file a class action and, aha, gotcha. This is a situation where there was an initial complaint, and according to the record, two years of negotiations, during which period of time the defendant corporation took the position that it wasn't going to settle and that they weren't going to satisfy the claim of this individual, and then a lawsuit is filed. And then after the lawsuit is filed, this $216 legal fee tender comes up. If we were to accept the position you're taking, as Justice Gordon alluded to, the reasonableness of the circumstance, wouldn't we be creating a situation, as it were, a roadmap for corporations, to be encouraging them to stonewall over a period of time, then pick off the claim with a nominal legal fee based upon the amount of the individual claim, and build in a huge disincentive for any attorney to even get involved in a claim of this nature, thereby insulating the corporation, in some other case, I'm going to talk about this one, from ever having the propriety of this policy that was invoked ever challenged in court? I don't think so, and I think Barbara protects against that, and the reason is that a corporation would be taking a significant risk by doing that, because once the suit is filed, surely after Barbara, plaintiff's counsel will be filing their motion for class certification on the very first or second day of the proceeding, and at that point, the interests of the putative class will be before the court, and in a sense, they will be protected against that. So this is just one of the last vestiges of pre-Barbara? Well, perhaps. It's certainly a case in which there was a tender made right at the beginning of the suit, and to the extent that we're suggesting that the action was successful because it led to the tender, I would direct your honors to the first district case of Blumer v. Compact Computer. It's a 2002 case, and that case recognized that the catalyst theory, that a settlement was brought about by an action, or if somebody did some voluntary action to conform to what the plaintiff wanted, and that the action was the catalyst for that. But that has been rejected as a basis to deem somebody a prevailing party, and it cites and relies on the Buckhannon board case in the United States Supreme Court. There isn't even a catalyst claim really here because as far as we know, the policy that occasioned this two years of negotiations and this lawsuit may still be intact. But there's certainly a tender to this plaintiff that moves their underlying claims completely. You know, if this were a common fund case as opposed to a fee-shifting statute, the defendant could do a lot more mischief because by making the tender, it would even be questionable whether in a common fund case the fees have to be tendered at all. Well, as I said, since costs traditionally don't include attorney's fees under the American system. I mean, it's our view that the fees were not owed at all, that 216 was done in abundance of caution based on the best we could discern from the record, which was that they had a claim for fees of a third of the recovery, the compensatory value of the recovery. I don't think it was... I would go by this... I would do the same thing again, actually. I think it was perfectly appropriate and, in fact, as I said, overabundant offer, respectfully. You know, respectfully it was. There was no fees earned under the statute. It's not a successful action. There's no proper catalyst theory to get attorney's fees. And I think they were looking to, ultimately, to the common fund to get their fees. That's what this case was about. They were hoping to generate a class action and get their fees out of that. Well, not if there's a fee-shifting statute. They don't have to worry about that. They get it out of the defendant's pocket. In this instance, though, the fee-shifting statute specifically says that it doesn't cover attorney's fees for a class action. Section 6113 says except in a class action. So they really were looking solely to the common fund. That's another reason that we think they had no right to fees whatsoever and, in fact, got respectfully more than they were entitled to. So we think it was complete tender and sufficient, certainly, to resolve this controversy, which is what mootness is all about. Mootness is about is there anything left to decide? I think the answer is no. Anything further? Thank you very much, Mr. Siegel. Any final words, Mr. Shedden? Briefly, Your Honor. The Duncan case that was cited, the FOIA case that was decided in 1999, and in Duncan the city finally gave the information that was being sought under FOIA to the plaintiff and the fees then were left as an ancillary matter. We cite cases such as Bates, which are consumer fraud cases, where there are fee-shifting provisions in the statute to enable... Primary rather than ancillary. Yes, that's correct, Your Honor. And that, for example, the Bates case is a 2003 case, so that's what we believe is the law that controls. With respect to Buckhannon and the catalyst theory, in Buckhannon's situation was that someone had sued the state, I believe of West Virginia, over something to do with nursing home regulations. And in the course of the lawsuit, the legislature amended whatever the law was that was an objectionable law that the nursing home operators were challenging. Then the nursing home operators said, well, we should still get fees. And in that particular case, the Supreme Court said, no, you don't, because what was achieved wasn't achieved in court. It wasn't achieved through litigation. It was done legislatively. So that's different than the situation that we have here. And counsel said that in an abundance of caution they tendered the $216. I think the court's point is well taken. They really should have tendered reasonable attorney's fees if they wanted to move the case. Thank you. Thank you both for a very fine argument and presentation in dealing with the evolving law during the course of this litigation. We'll take it under advisement and issue an opinion in due course. Thank you.